## CIRCUIT COURT OF STAFFORD COUNTY

Stafford County School Board

v.

Industrial Floor Services et al.

May 10, 1994

Case No. (Law) 92000586

BY JUDGE JAMES W. HALEY, JR.

This matter comes before the court upon the motion of Marvin B. Hardy, Jr., t/a Industrial Floor Service to set aside a jury verdict on the grounds the same was a compromise and upon the motion of Dr. Russell Watson, Superintendent, Stafford County School Board to set aside the verdict on the grounds that the damages are inadequate and resubmit the matter to a jury on that issue alone.

During the night of August 24, 1991, North Stafford High School was damaged by fire. At that time Industrial was in the process of refinishing wood floors within the school. The initial portion of this work was removing the old finish by sanding. The powder which resulted was swept up in an industrial vacuum cleaner.

At trial, there was no evidence but that the fire originated within the vacuum cleaner, which had been left in the school overnight. Board offered expert testimony that it was a violation of national industry standards to leave the powder in the vacuum cleaner overnight and that the powder spontaneously combusted. Industrial offered expert testimony that not removing the powder was in accord with the Virginia industry standard and that the powder could not spontaneously combust under the conditions then prevailing.

The Board offered evidence that the damages were approximately $197,000 less $18,000 enhancement in value to the building. This evidence was essentially uncontradicted.

The jury retired at 2:55 p.m. on the second day of trial. Upon inquiry at 6:15 p.m. the foreman of the jury advised that they were "hopelessly deadlocked." By agreement of counsel the jury was then given an "Allen" charge, and counsel further agreed the jury would be queried as to its status at 7:15 p.m. At that time the jury advised the sheriff it believed it could reach a verdict if given fifteen or so more minutes. At 7:40 p.m. the jury returned a verdict in favor of Board for $89,000. A poll of the jury indicated unanimity as to the verdict. The above motions were filed.

> A verdict which is reached only through the surrender of conscientious convictions as to a material issue by some members of the jury in return for a relinquishment by other members of their like settled opinion on another issue, the result not commanding the approval of the whole panel, is a compromise verdict.

75B Am. Jur. 2d, *Trial*, § 1786, n. 20, p. 548.

The leading case in Virginia on the issues raised by the motions is *Rawle v. McIlhenny*, 163 Va. 735, 177 S.E. 214 (1934). There the court enumerated a number of categories of cases in which it was appropriate for the court to act under the authority granted by now § 8.01-383[1] and offered guidance as to what action is appropriate in each. Among those categories was one where:

> the evidence with reference to liability has probably exerted a material influence upon the jury in determining the amount of the verdict, or the evidence warrants the inference that, instead of deciding the question of liability, the jury has arbitrarily determined to make both parties bear a part of the burden of the injury . . . .

*Rawle, supra*, 163 Va. at 750, 177 S.E. at 221. See also, *Wright v. Estep*, 194 Va. 332, 337-338, 73 S.E.2d 371, 375 (1952).

---

[1] 8.01-383. *Power to grant new trial; how often.* — In any civil case or proceeding, the court before which a trial by jury is had, may grant a new trial, unless it be otherwise specially provided. A new trial may be granted as well where the damages awarded are too small as where they are excessive. Not more than two new trials shall be granted to the same party in the same cause on the ground that the verdict is contrary to the evidence, either by the trial court or the appellate court, or both. (Code 1950, § 8-224; 1977, c. 617).

In the instant case there was sufficient evidence to support a verdict in favor of either party on the hotly contested issue of liability. The evidence with respect to damages rendered them almost liquidated. It is clear to the court that with this evidence, and the circumstances related above as to the jury's division, the verdict rendered was a compromise, that is, the jury chose not to decide the issue of liability, but rather gave the plaintiff one-half its damages.

A trial court is granted "discretion to decide whether a new trial should be granted on all issues or solely on the issue of damages. *Rutherford v. Zearfoss*, 221 Va. 685, 689-690, 272 S.E.2d 225, 228 (1980)." *Sampson v. Sampson,* 221 Va. 896, 902, 275 S.E.2d 597, 601 (1981). And such discretion will only be reversed where "the record plainly shows an abuse of discretion." *Ford Motor Co. v. Bartholomew,* 244 Va. 421, 434, 297 S.E.2d 675, 682 (1992).

In these circumstances, *Rawle* requires the court to set aside the verdict as to all issues and order a new trial. Accordingly, Industrial's motion is granted and the Board's is denied.